[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION TO MODIFY JUDGMENT #111 AND DEFENDANT'S MOTION TO MODIFY JUDGMENT #112 CT Page 2663
The court finds that the following orders are in the best interests of the minor children:
ORDER
1. The existing custody and visitation order is hereby vacated.
2. The plaintiff is awarded sole custody of the two minor children.
3. The plaintiff is to notify the defendant in advance, except for emergencies, of any major issues regarding the children's health, education and general welfare to allow for his input. More specifically, the plaintiff shall provide the defendant, in writing. with the names, addresses and telephone numbers of any professionals involved with the children. Any reports, appointments, school conferences, schedules of activities or medical information the mother may receive concerning the children shall be sent to the father within one week of initiation or reception of such services or materials received. The defendant's access to school and medical records and contact with school personnel and doctors shall not be restricted in any way. The defendant shall have the right to have contact with such school personnel and doctors. The plaintiff is to provide the defendant with the school schedule of the children including their vacation schedule within one week after she has such information available.
4. The defendant shall have the following unsupervised visitation rights:
a. The defendant shall have visitation one weekend per month in Connecticut on Saturday from 9:00 a.m. to 5:00 p.m. on Sunday except that the defendant shall return the children on Sunday morning at 9:00 a.m. to the plaintiff and pick them up at the plaintiff's residence at 12:15 p.m. In the event the plaintiff does not have a place to have an overnight visit with the children then he shall have Saturday from 9:00 a.m. to 5:00 p.m. and Sunday from 12:15 p.m. to 5:00 p.m. In the event the CT Page 2664 children do not have school on the preceding Friday or the following Monday of the defendant's visitation weekend, then the time is extended to the preceding Friday and/or the succeeding Monday with the plaintiff having the option to take the children to Virginia for this visitation. The defendant shall notify the plaintiff at least one week in advance of his visitation in the event he intends to take the children to Virginia. This visitation schedule shall commence May 1993. For the month of April 1993, the plaintiff shall bring the children to Richmond, Virginia in order for the defendant to exercise his visitation rights. The visitation rights for the weekend in April 1993 shall be from Saturday 9:00 a.m. to Saturday 5:00 p.m. and Sunday 9:00 a.m. to Sunday 1:00 p.m. In the event the parties are unable to agree as to which weekend the plaintiff is to bring the children to Richmond, Virginia for the April 1993 weekend visitation, then such weekend visitation shall be for the weekend of Saturday, April 17 and Sunday, April 18, 1993.
b. The defendant shall have visitation rights with the children in Virginia over the Thanksgiving holiday commencing Thanksgiving Day until the following Sunday. The plaintiff shall have each Christmas holiday with the children.
c. The defendant shall have one week visitation during the calendar year 1993 with the minor child, Mary. In the calendar year 1994, the defendant shall have one week visitation with both minor children. In the calendar year 1995, the defendant shall have three weeks visitation with both minor children. The defendant shall notify the plaintiff at least one month in advance of the weeks he desires. The one week vacation shall commence on Saturday at 8:00 a.m. and end on Sunday at 7:00 p.m. The three week vacation periods may be taken in increments of either one week, two weeks, or three weeks. Such vacation increments of one week, two weeks, or three weeks shall commence on Saturday at 8:00 a.m. and terminate on Sunday at 7:00 p.m.
d. Additional visitation may occur upon the agreement in writing of the parties. In the event significant changes in the vacation schedule is requested by either party, the parties shall agree to mediate the issues with Family Services.
e. Neither party shall remove the children from the country without at least eight weeks advance written notice to the other party by registered mail, return receipt, or certified mail, return receipt. CT Page 2665
f. All Virginia visitations shall commence at 8:00 a.m. and terminate at 7:00 p.m. except for April 1993.
5. In the event the plaintiff plans to relocate out of the country, she shall give the defendant at least three months prior written notice by registered mail, return receipt, or certified mail, return receipt prior to moving.
6. The parties shall not involve the children in their adult issues nor shall they denigrate the other in the children's presence.
7. Telephone contact by the party who does not have the children shall not be interfered with by the other party.
8. During the time the defendant has visitation with the children, he shall not have a weapon in his automobile and shall not have any weapon at his residence or at any other place that the children are at.
9. The existing alimony order is terminated.
Sidney Axelrod Judge of the Superior Court